## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| DONGGUAN BEST TRAVEL ELECTRONICS CO., LTD., <br> *Plaintiff* <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br> *Defendants* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> §      Case No.  SA-26-CA-00563-XR |

## ORDER GRANTING MOTION FOR EXPEDITED DISCOVERY

On this date, the Court considered Plaintiff's Motion for Expedited Discovery (ECF No. 12).  After careful consideration, the Motion is **GRANTED.**

### BACKGROUND

Plaintiff Dongguan Best Travel Electronics Co., LTD. brings this patent-infringement case against several merchants who sell allegedly infringing products through third-party retail websites including Amazon.  ECF No. 1; ECF No. 10-3.  According to the verified complaint, Defendants are foreign entities who take affirmative steps to hide their identities.  ECF No. 1 ¶¶ 9, 16.

Plaintiff requests leave to seek expedited discovery from third-party platforms hosting Defendants' stores, in order to obtain information necessary to effectuate service in this case.  ECF No. 12.  Specifically, Plaintiff wants discovery regarding "the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and email addresses associated with" Defendants.  ECF No. 12-1.

1

**DISCUSSION**

## I.      Legal Standard

Although a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," the Court can authorize expedited discovery.  FED. R. CIV. P. 26(d)(1).  The Federal Rules do not provide a standard for determining whether expedited discovery should be ordered, nor has the Fifth Circuit stated one, but many district courts in the Fifth Circuit use a "good cause" standard.  *Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017); *United States v. Abbott*, No. 1:23-CV-853-DAE, 2023 WL 6532633, at *1 (W.D. Tex. Aug. 3, 2023) (collecting cases) ("[T]he majority of courts in this Circuit have adopted the 'good cause' standard.").

"In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (emphasis omitted) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005)).  "In essence, a 'good cause' analysis is akin to a broader and more flexible totality of the circumstances analysis." *Id.*[1]

---

[1] Some factors courts often consider when analyzing good cause in this context are:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; . . . (5) how far in advance of the typical discovery process the request was made[;] . . . (6) whether plaintiff makes a prima facie showing of harm; (7) the specificity of the discovery request; (8) the absence of alternative means to obtain the subpoenaed information; (9) the necessity of the subpoenaed information to advance the claim; and (10) the user's expectation of privacy.

*Ramirez v. Defendant 1*, No. CV 25-1576, 2025 WL 2337134, at *2 (E.D. La. Aug. 13, 2025).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Ramirez*, 2025 WL 2337134, at \*2 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Courts have thus granted expedited discovery when, for example, "failing to [do so] would substantially impact progress of the case." *Id.*

"The party seeking expedited discovery bears the burden of showing good cause, and the subject matter of the expedited discovery requests should be narrowly tailored in scope." *Abbott*, 2023 WL 6532633, at \*2. Courts must exercise caution in considering *ex parte* motions for expedited discovery. *Ramirez*, 2025 WL 2337134, at \*1.

## II.    Analysis

The Court finds good cause for the expedited discovery requested here. Courts "routinely permit early discovery for the limited purpose of identifying . . . defendants on whom process could not otherwise be served." *ZG TOP Tech. Co. v. Doe*, No. C19-92-RAJ, 2019 WL 917418, at \*2 (W.D. Wash. Feb. 25, 2019).

Plaintiff's discovery request is narrow and for the limited purpose of acquiring the information necessary to serve Defendants. The burden on Defendants is minimal or non-existent, and the timing of the requested discovery is reasonable. Indeed, because service is the next step in this case, "failing to grant expedited discovery [at this time] would substantially impact progress of the case." *Ramirez*, No. CV 25-1576, 2025 WL 2337134, at \*2.

3

Further, Defendants allegedly "obfuscate their identities."   ECF No. 12 at 3; ECF No. 1 ¶ 9.  As a result, there are likely few if any alternative means for Plaintiff to obtain the information it seeks, which is necessary to advance its claims.

The Court therefore finds good cause for Plaintiff to pursue expedited discovery regarding Defendants' identities and the means by which Defendants may be contacted.

## CONCLUSION

It is therefore ordered that Plaintiff's Motion for Expedited Discovery (ECF No. 12) is **GRANTED**.

Plaintiff is permitted to seek the following information from the online marketplace platforms hosting the Defendant e-commerce stores listed on Schedule A (ECF No. 10-3): the identities and location of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and e-mail addresses associated with Defendants.

It is so **ORDERED**.

**SIGNED** this 10th day of March, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE